UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 23, 2021

Mark Salah Morgan, Esq.
Day Pitney, LLP
One Jefferson Road
Parsippany, New Jersey 07054
*Counsel for Plaintiff*

Jennifer L. Bloom, Esq.
Hunton Andrews Kurth, LLP
200 Park Avenue
New York, New York 10166
*Counsel for Defendant*

### LETTER ORDER FILED WITH THE CLERK OF THE COURT

**Re:** *Unimed International, Inc. v. Fox News Network, LLC*
**Civil Action No. 20-17335 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Fox News Network, LLC's ("Defendant") Motion for Reconsideration (the "Motion") of this Court's April 6, 2021 Opinion and Order (D.E. 21) (the "Opinion"). In the alternative, Defendant moves to certify up to seven questions for interlocutory appeal (the "Requests"). (*See* D.E. 24-1.) This Court, having considered the submissions and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, **DENIES** Defendant's Motion and Requests.

**A.**

Defendant made advertising timeslots on its television network available for purchase through two intermediary advertising companies. (D.E. 1 ("Compl.") ¶¶ 4, 21-28.) According to Plaintiff Unimed International, Inc. ("Plaintiff"), after a "successful" eight-year business relationship, Defendant refused to air more of Plaintiff's advertisements in an advertising "blackout" and presented Plaintiff with an unfounded charge of $719,210.75. (*Id*. ¶¶ 4-5, 35, 37.)

Although Plaintiff's accounting records demonstrated that the correct amount owed was $257,000, which it repeatedly offered to pay, Defendant declined Plaintiff's payment offer, insisted on the erroneous figure, labeled Plaintiff as a "delinquent advertiser," damaged Plaintiff's reputation, and decreased Plaintiff's ability to secure advertising elsewhere. (*See id*. ¶¶ 35-48, 55, 60.) Plaintiff later learned that the false charge arose from a broad unconscionable accounting scheme, where Defendant and an advertising intermediary would solicit payments from clients for individual advertising timeslots and then combine these client funds into bulk payments. (*Id*. ¶¶ 6-9, 28-34, 50-52.) Next, Defendant's sales and accounting departments would work together to apply those bulk payments to delinquent accounts, regardless of individual client payments. (*Id*.) The scheme allowed Defendant's sales team to artificially inflate its list of paying advertisers by keeping delinquent accounts on-air and earning higher commissions. (*Id*. ¶ 7.) Plaintiff alleges that Defendant's deceptive accounting practices were disguised from consumers by the use of improper "accounting controls" and the involvement of the accounting department. (*See id*. ¶ 32.)

Plaintiff filed its Complaint on November 29, 2020. (*Id*. ¶¶ 61-107, Prayer for Relief.) The Complaint alleged (1) violations of the New Jersey Consumer Fraud Act ("NJCFA"), (2) tortious interference with prospective economic advantage, (3) conversion, (4) negligence, and (5) civil conspiracy. (*Id*. ¶¶ 61-103.) Additionally, Plaintiff sought a declaratory judgment to resolve the disputed debt. (*Id*. ¶¶ 104-07.) On January 14, 2021, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6), (D.E. 12), which this Court denied on April 6, 2021. (D.E. 21.) On April 20, 2021, Defendant filed this Motion and, in the alternative, its Requests. (D.E. 24-1.) Plaintiff filed its opposition on May 3, 2021. (D.E. 25.)

### B. Motion for Reconsideration Legal Standard

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015) (citation omitted). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

### C. Interlocutory Appeal Legal Standard

Pursuant to 28 U.S.C. § 1292(b), this Court applies three criteria to assess a request for immediate appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Granting such a request is only proper where the order (1) involves a "controlling question of law"; (2) offers "substantial ground for difference of opinion" as to its correctness; and (3) if appealed immediately, "materially advance[s] the ultimate termination of the litigation." *Id.* (quoting § 1292(b)). "The burden is on the movant to demonstrate that all three requirements are met." *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014) (citations omitted), *aff'd*, 799 F.3d 236 (3d Cir. 2015).

"Certification, however, should only rarely be allowed as it deviates from the strong policy against piecemeal litigation." *Huber v. Howmedica Osteonics Corp.*, Civ. No. 07-2400, 2009 WL 2998160, at *1 (D.N.J. Mar. 10, 2009). Further, issues should only be certified for interlocutory appeal "sparingly" and in exceptional circumstances. *Cardona v. General Motors Corp.*, 939 F. Supp. 351, 353 (D.N.J. 1996). So, "even if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Morgan v. Ford Motor Co.*, Civ. No. 06-1080, 2007 WL 269806, at *2 (D.N.J. Jan. 25, 2007) (citations omitted).

### D. Motion for Reconsideration

Although the Motion raises a myriad of alleged bases for reconsideration, it does "not advance any arguments regarding an intervening change in the law or the availability of new evidence. Rather, [it] simply recite[s] the arguments" in its underlying motion to dismiss. *See Reardon v. Zonies*, 730 F. App'x 129, 131 (3d Cir. 2018). The Motion also fails to demonstrate the existence of an error of fact or law that, if left uncorrected, would result in manifest injustice. *Max's Seafood Cafe*, 176 F.3d at 677. Therefore, the Motion must be denied.

First, although Defendant (again) attempts to reformulate the Complaint's articulated "duty" as an allegedly unreasonable one to indefinitely air more of Plaintiff's advertisements, (*see* D.E. 12 at 8; D.E. 24-1 at 2, 3 (alleging that this Court made an "overarching error"), 4 n.1, 5-6), the Complaint is not grounded on an endless advertising duty, but instead alleges that Defendant failed to properly account for individual client payments with an intent to benefit financially from the accounting scheme and, as a part of that scheme, presented Plaintiff with an potentially extortionary and clearly inflated bill. (*See*, *e.g.*, Compl. ¶¶ 1-10.) Drawing all inferences in Plaintiff's favor, this Court concluded that these allegations plausibly alleged, at minimum, negligence. (D.E. 21 at 8-9); *see Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co.*, 768 F.3d 284, 290 (3d Cir. 2014) ("In reviewing a motion to dismiss … we treat as true all well-pleaded facts in the complaint, which we construe in the 'light most favorable to the plaintiff.'") (citation omitted). Because Defendant's assertion that this Court "erred" relies on a factual misconstruction of the Complaint, it does not offer appropriate grounds for reconsideration. *See Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

3

Second, Defendant fails to engage with the standard of law for unconscionable practices as identified in *Katz v. LiveNation* and as cited in the Opinion. Civ. No. 09-3740, 2010 WL 2539686, at *4 (D.N.J. June 17, 2010) (internal citations omitted); (*see* D.E. 24-1 at 6; D.E. 21 at 4.) As stated in *Katz*, New Jersey law recognizes that claims for unconscionable commercial practices "need not allege an affirmative fraudulent statement, representation, or omission by the defendant" and are "distinct from NJCFA claims sounding in fraud, and so the heightened pleading standard of Rule 9(b) does not apply." *Katz*, 2010 WL 2539686 at *4. A motion for reconsideration is not proper where it merely reiterates prior arguments—particularly when Defendant fails to provide meaningful evidence to support its aspersions that this Court's legal conclusions were unreliable. *See Papergraphics Intern., Inc. v. Correa*, 910 A.2d 625, 627 (N.J. Super. Ct. App. Div. 2006). Because the Motion fails to engage with the NJCFA definitions that *Katz* articulates, Defendant has not identified an "intervening change in the controlling law" or a "clear error of law or fact." *See Max's Seafood Café*, 176 F.3d at 677.[1]

Defendant also asks this Court to "reconsider its conclusion" that the Complaint's NJCFA claim sufficiently pleaded an "ascertainable loss," without supporting its assertion that the motion to dismiss stage requires some higher "degree of certainty." (D.E. 24-1 at 7-8 (additionally alleging that the Complaint fails to suggest "*any* degree of certainty").) On the contrary, the Complaint alleges that Plaintiff intended to conduct a prolonged advertising campaign to gain "advertising exposure," which was "crucial" to its business, but the campaign was cut short after Defendant demanded an "invalid debt." (D.E. 21 at 2, 4-5; Compl. ¶¶ 61-72.) As a result, Plaintiff's expected advertising campaign did not come to fruition, and it lost a "substantial amount of business." (*See id.* ¶¶ 55-60, 72, Prayer for Relief (alleging that Plaintiff is owed "compensatory damages reflecting all money paid by Unimed but not applied for its benefit by Fox News" as well as "lost profits").) Thus, making every inference in Plaintiff's favor, the advertising campaign was presumably "worth less and different from" what Plaintiff expected when it was initially purchased. *See Strzakowlski v. Gen. Motors Corp.*, Civ. No. 04-4740, 2005 WL 2001912, at *7 (D.N.J. Aug. 16, 2005); *Maniscalco v. Brother Int'l Corp.*, 627 F. Supp. 2d 494, 503 (D.N.J. 2009). Again, no proper grounds for reconsideration or intervening law have been provided.

Third, the Motion's arguments regarding tortious interference improperly attempt to "argue facts or issues that were not raised" in the underlying motion to dismiss, which did not expressly move based on the specificity of damages. *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021); (*see* D.E. 25 at 9-10.); *D'Aiuto v. City of Jersey City*, Civ. No. 06-6222, 2007 WL 2306791, at *4 (D.N.J. Aug. 8, 2007); (*Compare* D.E. 24-1 with D.E. 12.) Nonetheless, the Opinion directly discussed the Complaint's specificity and found it sufficient. (D.E. 21 at 7.)

---

[1] The same is true as to Defendant's argument regarding the *All the Way Towing* factors. This Court clearly articulated that Defendant's factual arguments were external to the Complaint and, thus, inappropriate at this stage. (D.E. 21 at 6.) Defendant's demand for reconsideration of that conclusion is inappropriate. Issues that hinge on a holistic factual assessment regarding the sophistication of the parties are properly saved for after discovery, and here it is plausible that the advertising slots were not customized and were open to members of the public for purchase. *Cf. All the Way Towing, LLC v. Bucks Cty. Int'l, Inc.*, 236 N.J. 431, 447-448 (2019).

4

To the extent that Defendant's reconsideration argument that the tortious interference claim is "implausible" under *Ashcroft* and *Iqbal* was even raised in the briefing below, it remains inappropriate to accept Defendant's reframing of the facts. (*See* D.E. 21 at 3.) Thus, accepting Plaintiff's version of the facts, the tortious interference claim is reasonable. (*See* D.E. 21 at 7; Compl. ¶¶ 74-79); *Varrallo v. Hammond Inc.*, 94 F.3d 842, 848 (3d Cir. 1996) (citation omitted).

Fourth, although Defendant also takes issue with Plaintiff's conversion claim, the Motion "merely reiterate[s]" previous arguments. *Kinard v. Bakos*, 566 F. App'x 102, 104 (3d Cir. 2014). Because Plaintiff's Complaint includes detailed allegations, any inferences made in Plaintiff's favor were appropriate given the stage of litigation, and no appropriate grounds for reconsideration have been raised. (*See* Compl. ¶¶ 80-85; D.E. 21 at 8 ("The Complaint asserts that Plaintiff entrusted Defendant with specific, traceable funds and that Plaintiff retained 'a right to possession' of those funds, which Defendant wrongfully diverted."), n.5.)

### E. Certification Requests

To determine whether an issue involves a controlling question of law, this Court looks at whether there is a question of law which "(1) if decided erroneously, would lead to reversal on appeal," or "(2) is 'serious to the conduct of the litigation either practically or legally.'" *Morgan*, 2007 WL 269806, at *2 (quoting *Katz*, 496 F.2d at 755). Immediate appeal "is not designed for review of factual matters." *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d Cir. 1977). Therefore, "questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of section 1292(b)." *Juice Entm't, LLC v. Live Nation Entm't, Inc.*, 353 F. Supp. 3d 309, 312–13 (D.N.J. 2018) (quoting *Morgan*, 2007 WL 269806, at *2).

Because many of Defendant's questions involve the application of facts to an established standard, they do not "involve a controlling question of law" which "would [result in] reversible error on final appeal" if erroneously decided. *F.T.C. v. Wyndham Worldwide Corp.*, 10 F. Supp. 3d 602, 633 (D.N.J. 2014), *aff'd*, 799 F.3d 236 (3d Cir. 2015). These "arguments for interlocutory appeal, however phrased, are aimed at (at least in part) getting the Third Circuit to take a premature look at the Court's application of law to facts." *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, Civ. No. 16-6509, 2021 WL 1016111, at *5 (D.N.J. Mar. 17, 2021). For example, to make conclusions with finality regarding the scope of any duty owed by Defendant to Plaintiff, (*see* Compl. ¶ 87), or the alleged sophistication of the parties, (D.E. 24-1 at 8-9), this Court would likely require a more developed factual record regarding historical contact between the parties, industry financial customs, verification of the purported bill, or contracts between Plaintiff, Defendant, and the intermediary sales entities. *See Frederick v. Smith*, 7 A.3d 780, 783 (N.J. Super. Ct. 2010) ("Whether a duty should be imposed is a matter of law [] that poses 'a question of fairness' involving 'a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution'") (quotation omitted). Simply put, immediate appeal would not advance the undeveloped record, which currently states plausible claims to relief. *See Bais Yaakov of*

*Spring Valley, v. Peterson's Nelnet, LLC*, Civ. No. 11-0011, 2013 WL 663301, at *5 (D.N.J. Feb. 21, 2013). Regarding the remaining questions, each was either previously addressed as inappropriate for determination at this stage, is meritless, or amounts to little more than a demand for premature assessment of a defense.[2] (*See* D.E. 24-1 at 12.)

Finally, to establish a "substantial difference of opinion," a controlling question of law "must arise out of genuine doubt as to the correct legal standard." *F.T.C.*, 10 F. Supp. at 634 (quotation omitted). Here, Defendant merely lists disparate potential questions, many of which seem to amount to factual differences of opinion between the parties and fails to clearly identify specific legal standards that are genuinely in dispute in this Circuit.[3] (D.E. 24-1 at 12-13 (again disputing factual issues such as the "sophisticat[ion] of the parties").) Certifying questions to the Third Circuit to resolve differences in opinion between litigants would defeat the appellate function. Accordingly, Defendant's Requests are denied.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion and Requests are **DENIED**.

                                                                 /s/ Susan D. Wigenton

                                                           **SUSAN D. WIGENTON, U.S.D.J**

Orig: Clerk
cc: Parties
     Leda D. Wettre, U.S.M.J.

---

[2] For example, Defendant's Rule 9(b) concerns and misconstrued "ad infinitum" duty have been addressed above. *See supra* 3-4.

[3] Defendant's sparse pleading is yet another stand-alone reason that the Requests fail to meet the standard for immediate appeal.